# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LESLIE M. POST, )
 )
        **Plaintiff,** )
 )
v. ) Case No. CIV-08-219-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
 )
        **Defendant.** )

## OPINION AND ORDER

The claimant Leslie M. Post requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on December 20, 1952, and was fifty-four years old at the time of the administrative hearing. He has a high school education and previously worked as a construction supervisor, mechanic, rigger, and millwright. He alleges disability beginning March 1, 2003, because of residuals from right leg fractures, degenerative changes of the acromioclavicular joint, right shoulder pain, back pain, depression, and post traumatic stress disorder. The claimant maintained insured status through December 31, 2008.

## Procedural History

On May 9, 2005, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The application was denied. ALJ Michael Kirkpatrick conducted a hearing and found the claimant was not disabled in a decision dated December 11, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant had the residual functional capacity ("RFC") to perform a full range of light work, *i. e.*, that he could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday (Tr. 20). The ALJ concluded that although the claimant could not return to any of his past relevant work, he was nevertheless not disabled according to Rule

202.14 of the Medical-Vocational Guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2. (Tr. 24).

**Review**

The claimant's sole contention is that the ALJ failed to recognize that his age created a "borderline situation" with regard to the application of the grids to his case. The claimant specifically argues that he was fifty-four years old (a "person approaching advanced age" under the grids) at the time of the ALJ's decision, but that he was within nine days of turning fifty-five (a "person of advanced age" under the grids). The claimant contends that the ALJ should have acknowledged his borderline age situation and determined which age category applied to him. The Court agrees.

The ALJ determined at step four that the claimant could perform a full range of light work (which precluded returning to any of his past relevant work) and proceeded to step five to consider whether there was other work the claimant could perform in the national economy. Noting that he was fifty years old on his onset date, the ALJ categorized the claimant as "an individual closely approaching advanced age" and concluded that he was not disabled according to Rule 202.14 of the grids because of his education and lack of transferable job skills (Tr. 23-24).

At step five of the sequential evaluation, the burden of showing that there is work the claimant can perform in the national economy falls on the Commissioner. Application of the grids may satisfy this burden, *see Williams v. Bowen*, 844 F.2d 748, 751-52 (10th Cir. 1988), but the Commissioner may not apply the grids *conclusively* "unless the claimant's

characteristics precisely match the criteria of a particular rule." *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). Three age categories are considered in applying the grids: (i) a "younger person," *i. e.*, someone under fifty years of age; (ii) a "person approaching advanced age," *i. e.*, someone fifty to fifty-four years of age; and, (iii) a "person of advanced age," *i. e.*, someone fifty-five years of age and older. *See* 20 C.F.R. § 404.1563 (c)-(e). "A 'borderline situation' exists when there would be a shift in results caused by the passage of a few days or months. 'In the case of a borderline situation, the Secretary is directed to apply the guidelines flexibly to avoid dramatic shifts in results.'" *Daniels v. Apfel*, 154 F.3d 1129, 1133 (10th Cir. 1998), *quoting* Soc. Sec. Rul. 82-46c, 1982 WL 31427, at *6 & n.4. *See also* 20 C.F.R. § 404.1563(b) ("We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the over-all impact of all the factors of your case."). "Failing to consider the effect of a borderline situation . . . precludes application of the grids as a basis for finding no disability, because the Commissioner will not have shown that 'the claimant's characteristics precisely match the criteria of a particular rule.'" *Daniels,* 154 F.3d at 1135, *quoting Channel*, 747 F.2d at 579.

In this case, the ALJ apparently did not consider whether the claimant fell within a borderline situation because he was only fifty-two years old as of his onset date. But the ALJ should have considered the claimant's age as of the disability determination (which occurred

on December 11, 2007, or *before* last day of insured status on December 31, 2008), at which time the claimant (born December 20, 1952) was *only nine days* from turning fifty-five and becoming a "person of advanced age" under the grids. *Id*. at 1132 n.4 ("Because disability must be shown by expiration of insured status, the last day of Mr. Daniels' insured status . . . is the appropriate date for determining applicability of the grids."), *citing Henrie v. United States Department of Health & Human Services*, 13 F.3d 359, 360 (10th Cir. 1993); Soc. Sec. Rul. 83-10, 1983 WL 31251, at *8 ("Under title II, a period of disability cannot begin after a worker's disability insured status has expired. When the person last met the insured status requirement *before the date of adjudication*, the oldest age to be considered is the person's age at the date last insured. In these situations, the person's age at the time of decisionmaking is immaterial.") [emphasis added]. *See also Cox v. Apfel*, 1998 WL 864118, at *4 (10th Cir. Dec. 14, 1998) ("[B]ecause plaintiff was within six months of the next age category, that is, advanced age, *at the time the ALJ issued his decision*, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids.") [emphasis added] [unpublished opinion]. While there are "[n]o fixed guidelines as to when a borderline situation exists . . . since such guidelines would themselves reflect a mechanical approach[,]" Soc. Sec. Rul. 83-10, 1983 WL 31251, at *8, the claimant being nine days from reaching advanced age clearly merited consideration by the ALJ. *See*, *e. g.*, *Daniels*, 154 F.3d at 1133 ("Whatever the full extent of the range may be, we conclude that claimant here, who was only sixty-five days short of the advanced age category, does fall within the borderline situation."). *See also Cox*, 1998 WL 864118, at *4 (when the claimant was within

six month of reaching advanced age, the ALJ "erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids.").

The Commissioner argues that the ALJ's failure to discuss the claimant's borderline age situation was harmless error. *See*, *e. g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that harmless error analysis "may be appropriate to supply a missing dispositive finding . . . where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."). He contends that the claimant should be found not disabled according to Rule 202.07 of the grids, even if he is a person of advanced age, given his ability to perform light work, his high school education and transferable skills from past work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. But as the Commissioner admits, the ALJ made no factual findings regarding transferable job skills; he found instead that the grids mandated a non-disability determination "whether or not the claimant has transferable job skills" (Tr. 23).

The Commissioner urges the Court to supply the factual findings not made by the ALJ and conclude that the claimant is not disabled. But the Court cannot provide factual findings as to transferable job skills, *see*, *e. g.*, *Daniels*, 154 F.3d at 1135 n.8 ("Alternatively, the district court held that even if Mr. Daniels were considered to be in the 'advanced age' category, he would be considered not disabled under Rule 202.07 of the grids. That rule, however, requires a finding that the claimant possesses transferable skills, and the ALJ did

not find that Mr. Daniels had such skills. Because a reviewing court may not reweigh the evidence, the district court's reliance on Rule 202.07 was inappropriate.") [citation omitted], any more than it can provide factual findings as to whether the claimant falls within the borderline age situation or should be classified as a person of advanced age. *See id.* at 1133-34 n.5 ("The ALJ never addressed the issue of whether Mr. Daniels fell within the borderline or whether he should be considered in the next age bracket. Determining whether a claimant falls within a borderline situation appears to be a factual rather than discretionary matter, and the ALJ erred by not making the necessary factual finding."), *citing Winfrey v. Chater*, 92 F.3d 1017, 1026 (10th Cir. 1996). *See also Patterson v. Apfel*, 1999 WL 1032973, at *1 (10th Cir. Nov. 15, 1999) (recommending that case be remanded because "an individualized consideration of the Plaintiff's borderline age was not made. . . . [T]he matter should be remanded for a determination by the ALJ as to whether Plaintiff should be considered a younger person or as a person closely approaching advance[d] age.") [unpublished opinion]. Nor may the Court determine whether the claimant is disabled. *See Daniels*, 154 F.3d at 1136 ("The Commissioner must determine based on whatever evidence is available which of the categories on either side of the borderline best describes the claimant, and the Commissioner may apply that category in using the grids. Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence."). *But see Cox*, 1998 WL 864118, at *4 ("Plaintiff attained the age of fifty-five shortly after the ALJ's decision and before his insured status expired. He therefore became of advanced age. Using the ALJ's findings of limited or less education and no

transferable skills, plaintiff must now be deemed disabled . . . under Rule 202.02 of the grids[.]"). These are all determinations that the ALJ must make in the first instance.

In summary, the ALJ committed error by failing to consider whether the claimant fell within the borderline age situation before applying the grids conclusively to determine he was not disabled. The decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis as described herein.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED** this 16th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**